IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LILVANS HAYWOOD, #M55377, <br><br> Plaintiff, <br><br> v. <br><br> WEXFORD HEALTH SOURCES INCORPORATED, MS. NICKERSON, and MS. S., <br><br> Defendants. | Case No. 25-cv-00718-SPM |

**MEMORANDUM AND ORDER**

**MCGLYNN, District Judge:**

Plaintiff Lilvans Haywood, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. In the Complaint, Plaintiff alleges Defendants kept him in unconstitutional conditions and deliberately ignored his requests for medical attention. He seeks monetary damages. (*See* Doc. 1-1; Doc. 9).

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations

of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff alleges the following: On October 26, 2024, he went on crisis watch because he feared for his life due to threats from other inmates. (Doc. 1, p. 5). He was moved to a cell "flooded with feces on the floor, on the wall, [and] the toilet…and it didn't flush." Plaintiff made a request to Ms. Nickerson to either move him to a new cell or clean the unsanitary conditions and that he had "been going in & out of [his] mind since [being put in his] cell," but he was not moved, nor was the cell cleaned. Plaintiff told Ms. Nickerson and Ms. S. and other mental health staff members that he was not suicidal or homicidal and being forced to remain on crisis watch in the uncleaned cell was causing him to suffer. It took 33 days from when Plaintiff moved into the cell until it was cleaned. (*Id.*)

On November 19, 2024, 10–12 unnamed correctional officers pepper sprayed and beat Plaintiff for 30 minutes. (Doc. 1, p. 5). On November 20, 2024, Ms. Nickerson asked Plaintiff how he got a blood clot in his right eye. Plaintiff informed Ms. Nickerson that it was due to being pepper sprayed and beaten by correctional officers. Additionally, Plaintiff told Ms. Nickerson that he needed to talk to Internal Affairs, he requested to be taken off crisis watch, and he asked to be seen by medical staff for the pain he was experiencing all over his body from the assault. Ms. Nickerson ignored Plaintiff and walked away. (*Id.*)

From late November through mid-December 2024, Plaintiff continued to tell Ms. Nickerson and Ms. S. that he was ready to be released from crisis watch. (Doc. 1,

p. 5). Plaintiff was released from crisis watch on December 11, 2024, and began cutting himself because he still was not receiving the help he needed. On December 17, 2024, Plaintiff attempted suicide by hanging and was subsequently beaten and pepper sprayed by unnamed correctional officers. Plaintiff was placed back on crisis watch but released the following day. After his release, Plaintiff again started cutting himself and self-harming. Plaintiff returned to crisis watch after trying to hang himself on December 21, 2024. While on crisis watch, he asked mental health staff to see a therapist and receive medication; Plaintiff received neither. On January 13, 2025, Ms. Nickerson let Plaintiff off crisis watch. Even after being let off crisis watch, he was not provided with therapy or medication. (*Id.*)

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following counts:

**Count 1:** Eighth Amendment claim against Ms. Nickerson for depriving Plaintiff of the basic human need of rudimentary sanitation.

**Count 2:** Eighth Amendment claim against Ms. Nickerson, Ms. S., and Wexford Health Sources Incorporated for deliberate indifference to Plaintiff's serious need for mental-health services during and after spending time in unsanitary conditions.

**Count 3:** Eighth Amendment claim against unnamed correctional officers for the use of excessive force on November 19, 2024, and December 17, 2024.

**Count 4:** Eighth Amendment claim against Ms. Nickerson for deliberately ignoring Plaintiff's requests for medical attention on November 20, 2024, after he was beaten on November 19, 2024.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

### Count 1

Plaintiff states a viable claim against Ms. Nickerson for deprivation of rudimentary sanitation in violation of the Eighth Amendment. *See Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (sufficiently unsanitary conditions without a way to clean them can violate the Eighth Amendment). Count 1 will proceed against Ms. Nickerson.

### Count 2

Plaintiff states a viable Eighth Amendment claim against Ms. Nickerson and Ms. S. for deliberate indifference to Plaintiff's serious need for mental-health services. *See Rasho v. Jeffreys*, 22 F.4th 703 (7th Cir. 2022) (awareness and ignorance of a serious need for mental-health services can constitute violation of Eighth Amendment). Count 2 will proceed against Ms. Nickerson and Ms. S.

Plaintiff has failed to state a claim against Wexford Health Sources Incorporated (Wexford) for the denial of constitutionally adequate mental health care. For Plaintiff to maintain a viable claim against Wexford, a private corporation that contracts with the state to perform a government function, he must "demonstrate

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (7th Cir. 2007).

that a constitutional deprivation occurred as the result of an express policy or custom of the government unit." *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 (7th Cir. 2002). Plaintiff has made no such claim. In fact, there are no allegations against Wexford at all in the Complaint. Count 2 is dismissed against Wexford Health Services Incorporated.

### Count 3

Plaintiff alleges that excessive force was used against him on more than one occasion for "trying to get help." (Doc. 1, p. 5). This allegation is asserted against unnamed correctional officers and not against any of the named defendants, (Doc. 1, p. 5). The Court will not consider parties which are not listed in the caption as defendants, and therefore, Plaintiff's excessive force claim is dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption").

### Count 4

Plaintiff states a viable Eighth Amendment claim against Ms. Nickerson for deliberate indifference to Plaintiff's serious medical needs on November 20, 2024. *See Greeno v. Daley*, 414 F.3d 645 (7th Cir. 2005). Count 3 will proceed against Ms. Nickerson.

### DISPOSITION

For the reasons stated above, the Complaint services preliminary review pursuant to Section 1915A. **COUNTS 1** and **4** will proceed against Ms. Nickerson. **COUNT 2** will proceed against Ms. Nickerson and Ms. S. but is **DISMISSED without prejudice** as to Wexford. Because there are no surviving claims against

Wexford, they are **DISMISSED without prejudice**, and the Clerk of Court is **DIRECTED** to **TERMINATE** them as a defendant. **COUNT 3** will be **DISMISSED without prejudice** as to the unnamed correctional officers.

Because Plaintiff's claims involve his medical care, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court shall prepare for Defendants, **Ms. Nickerson** and **Ms. S.**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) From 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

If judgement is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed in forma pauperis was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 17, 2025**

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN
United States District Judge**

## NOTICE TO PLAINTIFF

       The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.